The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| IN RE: | ) | CHAPTER 13 |
|---|---|---|
| JAYNE ELIZABETH SLUTZ, | ) | CASE NO. 10-65138 |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

This case is before the court on Debtor's motion for exemption from the prefiling credit counseling requirement. Debtor Jayne Elizabeth Slutz (hereafter "Debtor") filed a chapter 13 petition on December 10, 2010. Debtor did not file a certificate demonstrating compliance with 11 U.S.C. § 109. Instead, she checked box three on Official Form 1, Exhibit D and stated that she could not afford the credit counseling.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The Bankruptcy Abuse Prevention and Consumer Protection Act (hereafter "BAPCPA") enacted in 2005 mandated that debtors obtain counseling prior to filing bankruptcy. *See* 11 U.S.C. § 109(h). There are limited exceptions to the requirement.

Under 11 U.S.C. § 109(h)(2)(A), the requirement does not apply in districts where a designated official determines that adequate counseling services are not available; this exception is not applicable in this district. The other exception is found in section 109(h)(3), which provides, in relevant part, that a prefiling credit counseling certificate is not required:

> with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and
>
> (iii) is satisfactory to the court.

All three prongs must be satisfied to be excused from the credit counseling requirement.

Upon review of Exhibit D, the Court cannot grant Debtor's request. First, Debtor does not reference any attempts to obtain the credit counseling in accordance with section 109(h)(3)(ii). Second, the Court cannot conclude that financial hardship is grounds for exemption from the credit counseling requirement. *See* In re Piontek, 346 B.R. 126 (Bankr. W.D. Pa. 2006); In re Palacios, 2008 WL 700968 (Bankr. E.D. Va. 2008); In re Curington, 2005 WL 3752229 (Bankr. E.D. Tenn. 2005). As set forth in both Palacios and Piontek opinions, the bankruptcy code requires that credit counseling agencies provide the counseling service "without regard to ability to pay the fee." 11 U.S.C. § 111(c)(2)(B). There is no indication that Debtor attempted to obtain the credit counseling at all, let alone made a request to obtain it at no charge.

Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she completed a briefing ("briefing") outlining the opportunities for credit counseling and assisting in performing a related budget analysis in the 180 days prior to filing the petition. The language of the statutes is clear that this must be completed *before* filing the petition or the individual does not qualify to be a debtor. It is clear Debtor failed to satisfy this requirement and is therefore ineligible to be a debtor. Debtor's case will be dismissed.

An order in accordance with this decision shall be entered forthwith.

\#   \#   \#

**Service List**:

Jayne Elizabeth Slutz
5983 Thistlehill Circle NW
Canton, OH 44708

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702